UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-21173-CIV-O'SULLIVAN
Case No. 18-23585-CIV-O'SULLIVAN
[CONSENT]

JOSE RODRIGUEZ and
MARCEE K. RODRIGUEZ,
Plaintiffs,

v.

GEOVERA SPECIALTY
INSURANCE COMPANY,
Defendant.
_________________________________/

**ORDER**

THIS MATTER is before the Court on the Plaintiffs Jose Rodriguez's and Marcee K. Rodriguez's Motion to Tax (DE # 129, 3/24/20 in case 19cv21173 and DE # 152, 3/24/20 in case 18cv23585). These matters were referred to Chief United States Magistrate Judge John J. O'Sullivan for all proceedings and the entry of judgment by the Honorable Federico Moreno and the Honorable Ursula Ungaro, United States District Court Judges for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). (DE # 64, 11/26/19 in case 19cv21173 and DE # 90, 10/31/19 in case 18cv23585). Having carefully considered the issues, the court file, and applicable law, the undersigned respectfully rules that the Plaintiffs Jose Rodriguez's and Marcee K. Rodriguez's Motion to Tax (DE # 129, 3/24/20 in case 19cv21173 and DE # 152, 3/24/20 in case 18cv23585) be **GRANTED in part and DENIED in part** in accordance with the following Order.

## BACKGROUND

This matter is a breach of contract action regarding two claims by the insured individuals (the plaintiffs) against their insurer (the defendant). The jury returned verdicts in favor of the plaintiffs in both cases in the total amount of $111,087.63. Final Judgment was entered in favor of the plaintiffs on February 26, 2020. The defendant stipulated that the plaintiffs are entitled to taxable costs, and the plaintiffs are seeking those costs.

The plaintiffs filed the Plaintiffs Jose Rodriguez's and Marcee K. Rodriguez's Motion to Tax Costs (DE # 129, 3/24/20 in case 19cv21173) on March 24, 2020. The defendant filed Geovera's Response to Plaintiff's Jose Rodriguez's and Marcee K. Rodriguez's Motion to Tax Costs (DE # 130, 4/7/20 in case 19cv21173) on April 7, 2020. The plaintiff filed a reply (DE # 135, 4/14/20 in case 19cv21173) on April 14, 2020. This matter is ripe for adjudication.

## ANALYSIS

The plaintiff seeks to recover costs pursuant to 28 U.S.C. § 1920, Fed.R.Civ.P. 54(d)(1), and Local Rule 7.3(c). The plaintiff seeks costs in the amount of $53,049.31[1],[2] in this matter.

---

[1]In the Motion, the plaintiff sought $59,788.87 in costs. In the reply, the plaintiff agreed to reduce the amounts requested for mediation, travel, research, courier/shipping charges, and parking, for a total reduction of $6,739.56. $59,788.87 minus $6,739.56 equals $53,049.31.

[2]The undersigned notes that the plaintiffs provided an affidavit of Ramon Abadin in support of their motion, and Mr. Abadin's affidavit indicated that the plaintiffs were entitled to recover $41,718.95 in costs.

**A. Prevailing Party**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). A “prevailing party,” for purposes of the rule, is a party in whose favor judgment is rendered. See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002).

Final Judgement was entered in favor of the plaintiffs in this matter and the defendant stipulated that the plaintiff is entitled to costs in this matter. Accordingly, the plaintiff is the prevailing party in this case and is entitled to recover reasonable costs.

**B. Taxable Costs**

Title 28, United States Code, Section § 1920 sets out the specific costs that may be recovered:

> A judge or clerk of any Court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

**1. Fees of the Clerk**

The plaintiff seeks to recover $1,233.00 for fees of the Clerk. Subsection 1920(1) allows for the recovery of "fees of the clerk and marshal." 28 U.S.C. § 1920(1). Included in the requested amount is a request for $411.00 for the costs associated with the filing of a State Court case involving a broken beer bottle. The defendant argues that the plaintiffs did not provide any case law indicating they are entitled to recover the fees of the clerk in an unrelated matter. In the reply, the plaintiffs assert that the beer bottle case was part of the defendant's defense of this action at trial, that the defendant petitioned the Court to use evidence from the beer bottle case, and that the defendant's corporate representative admitted the claim presented in the beer bottle case was covered under the policy. The undersigned finds that the cost of filing a separate action in state court is not compensable as a cost in the cases before this Court. Accordingly, the Court will not allow recovery of the fees of the clerk from the beer bottle case, will reduce the plaintiffs' costs in the amount of $411.00, and award the plaintiffs **$822.00** for fees of the clerk.

**2. Fees for Service of Summonses and Subpoenas**

The plaintiff seeks to recover $240.00 in costs for the service of summonses and subpoenas. Costs for the service of summonses and subpoenas are permitted under 28 U.S.C. § 1920. Private process server fees may be taxed. E.E.O.C., 213 F.3d at 623. The plaintiffs seek $15.00 for the service of process in the beer bottle case. As outlined above, the plaintiffs are not entitled to recover costs associated with the beer bottle case, and the request should be reduced by $15.00 for these costs. The plaintiffs also seek a rush fee in the amount of $40.00 for service on Bradley LaBonde, and a service fee of $75.00 for the service on GeoVera's expert Ryon Plancer. Private process server fees are normally limited to $65.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document, and the plaintiffs' recovery should be limited to $65.00 and reduced by $10.00. "According to 28 C.F.R. § 0.114(a)(3), the United States Marshals Service shall routinely collect fees of $65.00 per hour for process served or executed personally for each item served, plus travel costs and out-of-pocket expenses. Therefore, to the extent Riverside Marina may recover any of its service fees, it is limited to $65.00 per hour." Arnold v. Heritage Enterprises of St. Lucie, LLC, No. 13-14447-CIV, 2017 WL 8794776, at *2 (S.D. Fla. Sept. 21, 2017), report and recommendation adopted, No. 13-14447-CIV, 2018 WL 1795446 (S.D. Fla. Jan. 11, 2018). Additionally, rush fees are not taxable under 28 U.S.C. § 1920, and the plaintiffs' costs should be reduced by $40.00 for the requested rush fees. Dewitt v. Daley, No. 05-61418-CIV, 2007 WL 9698322, at *7 (S.D. Fla. Nov. 29, 2007), report and recommendation adopted, 2007 WL 9698332 (S.D. Fla. Dec. 17, 2007); James v. Wash

Depot Holdings, Inc., 242 F.R.D. 645, 650 (S.D. Fla. 2007).

Moreover, the defendant asserts that Julio Basanta was not listed on the plaintiffs' witness list so the plaintiffs are not entitled to recover the service fee associated with Mr. Basanta. The plaintiffs assert that Mr. Basanta was listed on the witness list and they are entitled to recover the costs associated with his service. The undersigned finds that there is no reason to reduce the plaintiffs' cost request for the service of Mr. Basanta because the plaintiffs assert he was indeed listed on their witness list. Accordingly, the undersigned finds that a reduction of $65.00 ($15.00 + $10.00 + $40.00 = $65.00) is warranted and the plaintiff is awarded **$175.00** for summonses and subpoenas.

**3. Fees and Disbursements for Printing**

The plaintiffs seek recovery in the amount of $11,396.78 for costs associated with photocopies. The defendant asserts that the FedEx cost in the amount of $79.38 from August 6, 2019, should be denied because it does not identify the matter for which the cost was incurred. The plaintiffs assert that the charge was for color photographs requested by the defendant, marked as Exhibit No. 1 at the August 7, 2019, deposition of the plaintiffs' expert and used at trial. The undersigned finds that the plaintiffs adequately explain the nature of the copy costs associated with the $79.38 FedEx charge and will allow recovery for those costs.

The defendant further asserts that the plaintiffs also request payment for other copy costs for more than $11,300.00 (the plaintiff requests $11,317.40 for these other copy costs: $11,396.78 - $79.38 = $11,317.40), but do not provide any documentation

or explanation to support the request. The defendant also asserts that the plaintiffs did not provide receipts or other documents indicating that the costs were actually incurred, how many copies were actually made, how much the plaintiffs paid per copy, whether the copies were color or black and white, or any other information allowing this Court to determine the reasonableness of the requested costs or whether reimbursement for the costs is permitted under 28 U.S.C. § 1920.

Section 1920(4) allows for the costs of making copies that are necessarily obtained for use in the case. "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." E.E.O.C. v. W&O, 213 F.3d at 623. "[A]n item-by-item description is not required, [but] some information of the types or categories of documents copied and the reason for the copies must be furnished." Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co., No. H07-2684, 2009 WL 1457632, at *6 (S.D. Tex. May 26, 2009).

Here, the plaintiffs explain in their reply that

> [t]he costs for the remaining photocopies requested to be taxed against the Defendant were used at trial in accordance with the Court's Order that the parties' exhibits must be pre-marked with a typewritten exhibit list setting for(th) the number and description of each exhibit, which were subsequently made part of voluminous binders submitted to the jury and the Court.

Reply (DE # 135, 4/14/20) at p. 3. While the undersigned finds that the plaintiffs made a showing that some photocopies were necessarily obtained for use in the case, as they were used at trial, the details provided to the Court were not extensive enough for the

Court to make an adequate determination as to reasonableness. The Court does not know the costs of each copy, the color of the copies, the number of copies, etc. The Court further finds that $11,317.40 for copies is an extremely high price, especially without pertinent information to determine how that amount was reached. Accordingly, the undersigned finds a 75% reduction in the requested photocopy costs is warranted, and finds the plaintiffs should recover $2,829.35 (25% of $11,317.40 is $2,829.35) for the remaining copy costs, for a total award of **$2,908.73** ($2,829.35 + $79.38 = $2,908.73) in fees and disbursements for printing.

**4. Materials and Supplies**

The plaintiffs seek $1,865.36 for costs associated with materials and supplies. In the response the defendant argues that the plaintiffs attached receipts from Amazon to the Motion, but did not specify what charges the plaintiffs are seeking. The defendant notes that the Amazon receipts are for items such as beef jerky, hair styling mousse, plates, bowls, copy paper, banker boxes, storage boxes, binders, folders, printer toner and other miscellaneous items. The defendant asserts that cost recovery for these items is not permitted under 28 U.S.C. §. 1920. In the reply, citing to Procaps v. Patheon Inc., No. 12-24356-CIV, 2016 WL 411017, at *7 (S.D. Fla. Feb. 2, 2016), the plaintiff asserts that when the Court requests that documents be submitted to the Court in binders with tabs, those costs are recoverable.

The undersigned finds that the costs associated with binders and tabs are not permitted under 28 U.S.C. § 1920(4), and should not be awarded to the plaintiffs. See Luken v. Int'l Yacht Council Ltd., 2009 WL 678005, at *7 (S.D. Fla. March 11, 2009).

Courts have held that the costs for tabs and binders are not taxable because they are "'subsumed within operating overhead.'" See Luken, 2009 WL 678005, at *7 (S.D. Fla. March 11, 2009) (citing Van Voorhis v. Hillsborough Bd. of County Comm'rs., 2008 WL 2790244, *5 (M.D. Fla. July 18, 2008)). The undersigned finds that the costs for materials and supplies are costs that should be "subsumed within operating overhead", are not permitted, and the plaintiffs are not entitled to recover any money for these costs.

**5. Transcripts**

The plaintiffs seek to recover $9,778.27 for transcripts. The courts have interpreted the statute to include only those costs that are "necessarily obtained for use in the case." E.E.O.C., 213 F.3d. at 620-21 (noting that costs of deposition transcripts were, either wholly or partially "necessarily obtained for use in the case."). Whether transcripts have been "necessarily obtained for use in the case" or merely for the convenience of counsel, is to be determined on a case-by-case basis. See e.g. Desisto Coll., Inc. v. Town of Howey-in-the-Hills, 718 F.Supp. 906, 913 (M.D. Fla. 1998). The deposition transcript costs and court reporters' per diem fees are recoverable. See Licausi v. Symantec Corp., 2009 WL 3177566 *3 (S.D. Fla. Sept. 29, 2009) (citation omitted). Regular delivery fees are also recoverable. However, "... fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920." Id. (citations omitted).

The defendant objects to the reimbursement in the amount of $3,430.19 for the costs associated with the transcripts of Chris Thompson, Jorge Aucar, and Edgar

Olazabal, all three of whom were designated as expert witnesses by the plaintiffs in this matter. According to the defendant, Mr. Thompson was stricken as an expert and never testified at trial, the plaintiffs did not call Mr. Olazabal to testify at trial, and the plaintiffs did not identify or explain why ordering the transcripts were necessary for their case. See E.E.O.C. v. W&O, 213 F.3d at 620. The defendant further objects to the expedited delivery of the three aforementioned transcripts, argues that such costs are not permitted under 28 U.S.C. §. 1920, and that the plaintiffs failed to provide documentation allowing the Court to evaluate what charges were incurred for traditional transcript preparation and what charges were for the expedited nature of the transcripts. This, the defendant asserts, prevents the Court from evaluating whether the costs incurred for the transcripts of Chris Thompson, Jorge Aucar, and Edgar Olazabal are reasonably taxable under 28 USC §. 1920, and therefore, the Court should deny the costs associated with these transcripts.

The plaintiffs assert that the deposition transcripts of Chris Thompson, Jorge Aucar, and Edgar Olazabal were all necessarily obtained for use in the case. Citing to George R. Hall, Inc. v. Superior Trucking Co., 532 F.Supp. 985, 994 (N.D. Ga 1982) quoting Jeffries v. Ga. Residential Fin. Auth., 90 F.R.D. 62, 63 (N.D. Ga. 1981), the plaintiffs further assert that “a deposition taken within the proper bounds of discovery will normally be deemed to be ‘necessarily obtained for use in the case’ and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged.” Citing Helms v. Wal-Mart Stores, Inc., 808 F.Supp. 1568, 1572 (N.D. Ga. 1981), aff’d, 998 F.2d 1023 (11th Cir. 1993) and Perez v.

Carey Int'l, Inc., No. 06-22225-Civ, 2008 WL 4490750, at * 19 (S.D. Fla. Sept. 26, 2008), aff'd, 373 F.App'x 907 (11th Cir. 2010), the plaintiffs also assert that the Court may tax deposition transcripts relied on by a party for summary judgment motions. The plaintiffs argue they are entitled to recover for: (1) the deposition transcript of Chris Thompson, because his deposition testimony was cited by the plaintiff in motions; (2) the deposition transcript of Jorge Aucar, because he testified at trial on behalf of the plaintiffs as both a fact witness and an expert witness; and (3) the deposition transcript of Edgard Olazabal because his expert report was admitted into evidence at trial and "formed the basis for the jury's award of damages as reflected in the jury verdict." (Plaintiff's Reply at 6, DE # 135, 4/14/20).

The undersigned finds that the deposition transcripts of Chris Thompson, Jorge Aucar, and Edgar Olazabal are taxable, but the expedited fees associated with the depositions are not. The invoices do not specifically state what part of the charges are for the transcript and what part of the charges are associated with the expedited fee. The undersigned finds that a one-third reduction in the total costs requested (a reduction of $1,143.40) for these three individuals, to account for the expedited fees charged, is appropriate. The undersigned awards $2,286.79 for the depositions of Chris Thompson, Jorge Aucar, and Edgar Olazabal. ($3,430.19 - $1,143.40 = $2,286.79).

In the response, the defendant objects to the cost of $536.00 for an unspecified deposition transcript. In the reply, the plaintiffs clarify that this cost was for the deposition transcript of Mr. Basanta who was listed as a witness for the defendant. The undersigned finds that this deposition transcript was necessarily obtained for use in the

case and awards the plaintiffs $536.00 for the deposition of Mr. Basanta.

The defendant asserts that the following all include costs that are not compensable under 28 U.S.C. §. 1920: (1) the court reporter cost request for Jason Gouker in the amount of $212.50; (2) the transcript cost request for Jason Gouker; (3) the court reporter and transcript costs for Bradley LaBonde; and (4) the court reporter and transcript costs for Ryon Plancer. Specifically, the defendant objects to: (1) the $25.00 court reporter charge for Jason Gouker for processing and archival; (2) the $390.38 expedited transcript charge for Jason Gouker; (3) the $40.00 litigation support package charge for Jason Gouker; (4) the $20.00 condensed transcript charge for Jason Gouker; (5) the $45.00 process and handling charge for Jason Gouker, (6) the $168.35 exhibit charge for Jason Gouker; (7) the $43.75 color exhibits charge for Jason Gouker; (8) the $571.14 expedited transcript charge for Bradley LaBonde; (9) the $40.00 litigation support package charge for Bradley LaBonde; (10) the $20.00 condensed transcript charge for Bradley LaBonde; (11) the $45.00 process and handling charge for Bradley LaBonde; (12) the $15.60 exhibit charge for Bradley LaBonde; (13) the $794.96 expedited transcript charge for Ryon Plancer; (14) the $40.00 litigation support package charge for Ryon Plancer; (15) the $20.00 condensed transcript charge for Ryon Plancer; (16) the $45.00 processing and handling charge for Ryon Plancer; (17) the $15.00 return of exhibits charge for Ryon Plancer; (18) the $145.60 exhibit charge for Ryon Plancer; and (19) the $298.75 color exhibit charge for Ryon Plancer. Citing to Ritenour v. Amerigas Propane, Inc., 2019 U.S. Dist. Lexis 104349 at 10 (S.D. Fla. 2019) (Case No. 18-80574-cv-BLOOM/REINHART), the

defendant asserts that these charges are not compensable under 28 U.S.C. § 1920. The defendant further asserts that the plaintiffs failed to provide an explanation or documentation to demonstrate that the above-listed depositions were necessarily obtained for use in the case, as none of the transcripts were entered into evidence or used for impeachment. The defendant further argues that if the Court does award costs associated with the above-mentioned depositions, those costs should be limited as follows:

| **GOUKER** | Attendance first hour | $85.00 |
|---|---|---|
| | Additional hour(s) | $140.00 |
| | Original transcript | $556.75 |
| | Total for Gouker: | $781.75 |
| **LaBONDE** | Attendance first hour | $95.00 |
| | Additional hour(s) | $65.00 |
| | Original Transcript | $518.70 |
| | Total for LaBonde: | $678.70 |
| **PLANCER** | Attendance first hour | $95.00 |
| | Additional hour(s) | $130.00 |
| | Original transcript: | $722.00 |
| | Total for Plancer: | $947.00 |
| | Total for all three: | $2,407.45 |

The plaintiffs assert that: (1) the deposition transcript of Jason Gouker was necessarily obtained for use in the case because his deposition testimony bound the defendant and Holly Wolf, the witness that appeared at trial to testify on the defendant's behalf; (2) the deposition transcript of Bradley LaBonde was necessarily obtained for

use in the case because he testified at trial and admitted on cross-examination that, at the request of the defendant, he reduced the amount of damaged tiles in his estimate from the number he observed to keep the damages below the deductible and prevent payment of insurance benefits to the plaintiffs; and (3) the deposition transcript of Ryon Plancer was necessarily obtained for use in the case because he testified at trial and on cross-examination he admitted that salvage could not be used to replace the damaged roof tiles, because to do so would violate both local and state building code.

The undersigned finds that the depositions of Jason Gouker, Bradley LaBonde and Ryon Plancer were all necessarily obtained for use in the case, but that the plaintiffs, in accordance with the law cited above, are not entitled to recover for costs associated with expedited transcripts, litigation support packages, condensed transcripts, etc. Accordingly, the undersigned finds the plaintiffs are entitled to an award of $2,407.45 for the deposition transcripts of Jason Gouker, Bradley LaBonde and Ryon Plancer.

The defendants also object to the request by the plaintiffs for costs associated with unspecified charges related to transcripts in this case. Specifically, the charges are for $75.00, $379.26, and $411.14, and the defendant asserts that the plaintiffs have not given an explanation regarding the charges, if the charges were necessarily obtained for use in the case, or other information to indicate the amounts are taxable under 28 U.S.C. §, 1920. The plaintiff does not appear to address these costs in the reply, and the undersigned finds the costs are not compensable.

The final objection by the defendant in the transcript category is for a charge in

the amount of $188.40 for a trial transcript in an unrelated matter. The defendant presumes that the charge is for the transcript the plaintiffs' provided in opposition to the defendant's request to strike Chris Thompson as an expert witness. Mr. Thompson was stricken as an expert and the defendant asserts that the plaintiffs failed to demonstrate that these charges were necessary for this case. The plaintiffs assert that the $188.40 charge is for a trial transcript that was from a trial where Mr. Thompson qualified as an expert and was filed with the Clerk of Court as a part of the plaintiffs' opposition to the defendant's request to strike Mr. Thompson in this case and as part of the plaintiff's request for the Court to reconsider the striking of Mr. Thompson from testifying as an expert in this matter. The undersigned finds that this particular transcript was not initially from this case, and is not taxable as necessarily obtained for use in this matter.

Accordingly, the undersigned finds that the plaintiffs are entitled to recover $2,287.79 for the deposition transcripts of Chris Thompson, Jorge Aucar, and Edgar Olazabal, $536.00 for the deposition transcript of Mr. Basanta, and $2,407.45 for the deposition transcripts of Jason Gouker, Bradley LaBonde and Ryon Plancer, for a total recovery in the category of transcripts of **$5,230.24**.

**6. Illustrative**

The plaintiffs seek $9,962.50 in illustrative costs. These costs are for payments to Trilogy Trial Consultants for services such as: (1) jury trial multimedia package (including laptops and monitors, etc.); (2) trial planning and preparation (including e-mail exchanges, meetings, phone conferences, strategic planning, etc.); (3) production/preparation/database collection (including collecting all exhibits in digital form

from the law firm, etc.); (4) set up and testing of equipment in the Courtroom; (5) video to transcript synchronization for depositions (at $85.00 per hour and the amount to be determined); and (6) electronic trial presentation. The two invoices provided as exhibits to the plaintiffs' motion from Trilogy Trial Consultants both list video to transcript synchronization, but both invoices also indicate that the amount was to be determined and neither charge any amount for the service on the aforementioned invoices.

The defendant asserts that none of these illustration costs are compensable as taxable costs. The Southern District of Florida has held that equipment rental is not compensable.

> The language of 28 U.S.C. § 1920 does not specifically permit reimbursement for trial experts or rental equipment utilized at trial. *See* 28 U.S.C. § 1920(1)-(6). Furthermore, though the court has found no case directly on point in the Eleventh Circuit regarding recovery of costs for equipment rental or for an equipment specialist at trial, the Eleventh Circuit has denied costs for the recovery of the rental of equipment and hiring of a videographer for the playback of video depositions at trial. *See Morrison v. Reichhold Chemicals, Inc.,* 97 F.3d 460, 465 (11th Cir.1996). In light of this precedent and in the absence of any indication in the statute providing for an award of costs for such expenditures, the Court cannot grant Plaintiff recovery of fees costs incurred as a result of services provided by The Legal-eze Graphics Company in the amount of $2,438.00.

Luken v. Int'l Yacht Council Ltd., No. 02-60772-CIV-DIMITROULEAS, 2009 WL 678005, at *6 (S.D. Fla. Mar. 11, 2009).

The plaintiffs assert in their reply that they are entitled to these costs under 28 U.S.C. § 1920 because the parties filed a joint motion to allow electronic equipment into the courtroom. The plaintiffs note that this Court has both awarded video

synchronization costs and not permitted recovery for video synchronization costs. This Court stated, in the case of Powell v. The Home Depot, U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488, at *13 (S.D. Fla. Sept. 14, 2010), report and recommendation adopted, No. 07-80435-CIV, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) that

> [a]lthough this Court was unable to find any cases from the Eleventh Circuit addressing a request for the costs of video synchronization, and notwithstanding the fact that such costs incurred herein may not have been incurred based on mere convenience, given the Eleventh Circuit's strict adherence to the language of section 1920, it appears likely that the Court would find that an award of such costs is not permitted by the section. *See EEOC,* 213 F.3d at 620 (noting that courts may only tax costs as authorized by statute) (*citing Crawford Fitting Co.,* 482 U.S. at 445); *Arcadian Fertilizer, L.P.,* 249 F.3d at 1296–1297 (*same* ). Therefore, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's request for the costs of video synchronization, in an amount of two thousand, one hundred seventy-five dollars ($2,175.00).

Powell v. The Home Depot, U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488, at *13 (S.D. Fla. Sept. 14, 2010), report and recommendation adopted, No. 07-80435-CIV, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010). The undersigned, in the case of Managed Care Sols., Inc. v. Essent Healthcare, Inc., No. 09-60351-CIV, 2011 WL 2535258, at *13 (S.D. Fla. June 27, 2011) found that

> [t]he work performed by TrialGraphix included “video synchronization” and “data archive.” As explained in the invoices, “[t]he synchronization process enables the trial team to display specific selections of video and audio with or without the corresponding transcript.” *See* TrialGraphix Invoice (DE# 300–8 at 2, 10/6/10). Data archive refers to the storage of this material for future use in other proceedings. TrialGraphix also charged for project and design consultation. *Id.* at 4. In the instant case, video

> synchronization would have assisted the defendant in presenting video deposition testimony to the jury. Based on the Court's own experience, to use of (sic) streamlined video testimony at trial is helpful and conserves time. The Court finds that these expenses were reasonable and recoverable. The defendant will be awarded the full amount paid to TrialGraphix, $4,246.70.

Managed Care Sols., Inc. v. Essent Healthcare, Inc., No. 09-60351-CIV, 2011 WL 2535258, at *13 (S.D. Fla. June 27, 2011). The undersigned notes, however, that the video synchronization costs that were permitted in the Managed Care case, were awarded in a section titled Expenses as part of an award for experts, not in the section titled Costs, and finds that here, the video synchronization costs are not permitted as costs under 28 U.S.C. § 1920. Moreover, video synchronization costs, while listed on the two invoices from Trilogy Trial Consultants, did not have a monetary amount attributed to them.

**7. Expert Witness Fees**

The plaintiffs seek $17,880.00 for expert witness fees. These costs include $2,000.00 for the plaintiffs' expert witness from DDA Claims Management, $1,200.00 for the plaintiffs' expert from DCH Engineering, $1,380.00 for the defense expert from HAAG Engineering, and $13,300.00 for the plaintiffs' fee expert Ramon A. Abadin, Esq. These witnesses were not court appointed. Morever, only one of the plaintiffs' expert witnesses testified at trial. The Eleventh Circuit has stated:

> We think that the inescapable effect of these sections [28 U.S.C. §§ 1920 and 1821] in combination is that a federal court may tax expert witness fees in excess of the $[40]-per-day limit set out in § 1821(b) only when the

> witness is court-appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920.

Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996) (citing Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437, 442, 107 S.Ct. 2494, 2497-98 (1987). The plaintiffs' costs in this category are limited to a $40 witness fee for the expert witnesses that testified at trial. The plaintiffs are awarded **$40.00** for costs in this category.

**8. PACER**

The plaintiffs seek $693.40 for PACER charges. Citing to Powell v. Carey Int'l, Inc., 548 F.Supp.2d 1351, 1364 (S.D. Fla. 2008), the plaintiffs state that "[p]ursuant to § 1920(5), prevailing parties are entitled to docket fees for electronic access." (Plaintiff's Reply at p. 8, DE # 135, 4/14/20). Powell indicates that "[p]ursuant to § 1920(5), prevailing parties are entitled to docket fees", Powell does not indicated that prevailing parties are entitled to docket fees for electronic access. 28 U.S.C. § 1920(5) indicates that "[d]ocket fees under section 1923 of this title" are permitted, not that docket fees for electronic access are permitted. 28 U.S.C. § 1923 does not refer to electronic access. Moreover, this Court has determined that PACER fees are not taxable under § 1920. See Glob. Patent Holdings, LLC v. Panthers BRHC LLC, No. 08-80013-CIV, 2009 WL 1809983, at *2 (S.D. Fla. June 25, 2009), citing Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996). Accordingly, the undersigned finds that the plaintiffs should not recover costs associated with PACER.

**9. Miscellaneous**

The defendant asserts that

> [a]s part of their exhibits, Plaintiffs have attached summaries of costs for unknown charges. *See* Plaintiffs' Motion Exhibit (D.E. 152-2; 129-2), pp. 60, 107-109 of 215. It is unclear as to the nature of these charges, whether they are related to this litigation, whether it was necessary to incur these charges or any other information for this Court to evaluate these charges. As such, the Court should deny an award of any of these charges.

Defendant's Response at p. 15 (DE # 130, 4/7/20). In their reply, the plaintiffs assert that

> Defendant has not specified exactly what costs it is requesting be"denied" therefore, the Plaintiffs request that any costs not specifically addressed by this Reply be awarded under 28 U.S.C. 1920 against the Defendant in these actions.

Plaintiffs' Reply at p.9 (DE # 135, 4/14/20). In their motion, the plaintiffs request the costs outlined in the following chart.

| **Description** | **Amount** |
|---|---|
| Fees of the Clerk | $1,233.00 |
| Fees for Service of Summons and Subpoenas | $240.00 |
| Photocopies | $11,396.78 |
| Materials/Supplies | $1,865.36 |
| Transcripts | $9,778.27 |
| Illustrative | $9,962.50 |

| | |
|---|---|
| Expert Witness Fees | $17,880.00 |
| Mediation | $1,033.50 |
| Pacer | $693.40 |
| Travel | $824.44 |
| Research | $4500.00 |
| Courier/Shipping Charges | $118.37 |
| Parking | $263.25 |
| Total | $59,788.87 |

In their reply, the plaintiffs withdraw the costs listed in the chart below.

| | |
|---|---|
| Mediation | $1,033.50 |
| Travel | $824.44 |
| Research | $4500.00 |
| Courier/Shipping Charges | $118.37 |
| Parking | $263.25 |
| Total: | $6,739.56 |

In the Bill of Costs submitted as Exhibit A to the Motion to Tax Costs, the plaintiffs seek $59,788.87 in costs for the categories of: (1) Fees of the Clerk ($1,233.00); (2) Fees for the service of summons and subpoena ($240.00); (3) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($9,778.27); (4) Fees for disbursement and printing ($11,396.78); (5) Fees for the exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case ($9,962.50); (6) Docket Fees under 28 U.S.C. 1923 ($693.40); (7) Other costs ($26,484.92). In the Motion, "other costs" were listed

more specifically as outlined in the chart below, but still equal $26,484.92.

| Expert Witness Fees | $17,880.00 |
|---|---|
| Mediation | $1,033.50 |
| Materials and Supplies | $1,865.36 |
| Travel | $824.44 |
| Research | $4500.00 |
| Courier/Shipping Charges | $118.37 |
| Parking | $263.25 |
| TOTAL: | $26,484.92 |

The plaintiffs requested the same amount of costs in the initial motion as they did in the Bill of Costs ($59,788.87). The undersigned addresses all of the costs sought by the plaintiffs in both the motion and the Bill of Costs in this Order, and there are no further miscellaneous costs that require evaluation by the undersigned.

## CONCLUSION

The chart below summarizes the costs the undersigned awards to the plaintiffs.

| Category | Amount |
|---|---|
| Fees of the Clerk | $822.00 |
| Fees for Service of Summons and Subpoenas | $175.00 |
| Fees for Disbursements and Printing | $2,908.73 |
| Transcripts | $5,230.24 |
| Expert Witness Fees | $40.00 |
| Total | $9,175.97 |

In accordance with the forgoing Order, the Plaintiffs Jose Rodriguez's and Marcee K. Rodriguez's Motion to Tax (DE # 129, 3/24/20 in case 19cv21173 and DE # 152, 10/31/19 in case 18cv23585) is **GRANTED in part and DENIED in part,** and the plaintiffs are awarded **$9,175.97** in costs.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of May, 2020.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE